In the Matter of the Claim of JOSEPH SAAL, Appellant, against J. SAAL, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appellant Joseph Saal appeals from a decision of the board disallowing his claim for compensation. He asserts that while carrying a case of eggs he slipped. or tripped and suffered a coronary occlusion with myocardial injury. Dr. Opitz testified there was no causal relationship between the claimed injury and claimant's physical condition, found upon examination. The claimant is president and treasurer of the employer corporation and his wife is secretary. Decision affirmed, without costs. All concur. [See *post*, p. 1057.]

In the Matter of the Claim of HOYT S. BUTLER, Respondent, against NEW YORK STATE ELECTRIC & GAS CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and its insurance carrier have appealed from a decision of the Workmen's Compensation Board based on claimant's wage earning capacity. The only question involved is wage rate. The proof sustains the determination of the Workmen's Compensation Board. Award affirmed, with costs to the Workmen's Compensation Board. All concur. [See *post*, p. 1057.]

In the Matter of the Claim of SADIE MERMELSTEIN, Appellant, against BETH ISRAEL HOSPITAL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board rescinding an award made by a referee and disallowing the claim. Claimant was employed as a seamstress. During the lunch hour on each Thursday she and other employees of the hospital were permitted to use the laundry facilities of the hospital to do personal laundry. On the occasion in question she burned her right arm. The board found that her injury did not arise out of and in the course of her employment. There was evidence that the article she was ironing was not her personal laundry. Decision affirmed, without costs. All concur.